O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORAL R. HUFFMAN,<br><br>          Plaintiff,<br><br>    v.<br><br>McGREW, et al.,<br><br>          Defendants. | Case No. EDCV 13-657-ODW (OP)<br><br>ORDER RE: DISMISSAL OF CIVIL RIGHTS COMPLAINT FOR FAILURE TO PROSECUTE |

## I.
## **PROCEEDINGS**

On April 11, 2013, Loral Huffman ("Plaintiff") lodged for filing what purported to be a Civil Rights Complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (ECF Nos. 5, 25.[1]) While Plaintiff lodged the Complaint for filing, he failed to pay the full filing fee of $350 and failed to submit an *in forma pauperis* application in order to proceed without payment of the full filing fee. Further, the Complaint failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, on April 18, 2013, the Court issued an order to show cause ("OSC")

---

[1] The Complaint was originally lodged in the Eastern District of California, but it was subsequently transferred to this District. (ECF No. 1, 3.)

1

why this matter should not be dismissed. Plaintiff was ordered to submit the $350 filing fee to the clerk's office prior to that date or submit an *in forma pauperis* application in order to proceed without payment of the full filing fee. Further, Plaintiff was ordered to submit an amended complaint that satisfies the requirements of Rule 8. Finally, the Court admonished Plaintiff that his "[f]ailure to comply with these requirements may result in a recommendation that the *in forma pauperis* application be denied for failure to prosecute and/or failure to comply with a court order." (ECF No. 6.)

On August 30, 2013, Plaintiff lodged with the Court an amended Complaint in an attempt to comply with the previously issued OSC. On October 10, 2013, due to the difficulties Plaintiff alleges he had obtaining documents to support the allegations in the amended Complaint and in properly submitting an *in forma pauperis* application, the Court discharged the OSC, granted Plaintiff's *in forma pauperis* status, and accepted the amended Complaint for filing. (ECF No. 22.) On November 22, 2013, the amended Complaint was formally filed. (ECF No. 24.)

On December 5, 2013, the Court dismissed the amended Complaint with leave to amend. (ECF No. 27.) The Court gave Plaintiff thirty days within which to file a Second Amended Complaint ("SAC"), attempting to cure the defects in the amended Complaint. The Court admonished Plaintiff that the "[f]ailure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed." (Id. at 10, 11.) To date, Plaintiff has not filed the SAC, has not requested an extension of time to do so, and has not otherwise communicated with the Court.

For the reasons set forth below, the Court finds that dismissal of this action is warranted for failure to prosecute.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action

because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Here, Plaintiff has failed to file the SAC despite being advised that his failure to do so could lead to the dismissal of the action for failure to prosecute. Plaintiff's conduct indicates that he does not intend to litigate this action diligently. Thus, these facts weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to file the SAC, Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to apprise the Court of his current address. Thus, the fourth factor weighs in favor of dismissal.

Finally, the Court attempted to avoid dismissal by advising Plaintiff that failure to

file the SAC could lead to the dismissal of the action for failure to prosecute. Plaintiff has not filed the SAC, has not requested an extension of time to do so, and has not otherwise communicated with the Court. Thus, the fifth factor weighs in favor of dismissal.

    Based on the foregoing, the Court finds that dismissal of this action is warranted for failure to prosecute.

## III.
## **ORDER**

    IT IS THEREFORE ORDERED that the amended Complaint is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: February 19, 2014

HONORABLE OTIS D. WRIGHT, II
United States District Judge

Presented by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge